UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

KEISHAWN BROWN,               :      CIV. NO. 20-15672 (RMB-AMD)
                              :
            Plaintiff         :
                              :
      v.                      :      **MEMORANDUM AND ORDER**
                              :
SGT. N. SCHMIDT, *et al.*,    :
                              :
            Defendants        :

This matter comes before the Court upon Plaintiff's Supplemental Complaint[1] filed on February 17, 2021. (Supp'l Compl., Dkt. No. 9.) On January 6, 2021, the Court granted Plaintiff's application to proceed *in forma pauperis* and proceeded in part and dismissed in part Plaintiff's complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B). (Opinion, Dkt. No. 3; Order, Dkt. No. 4.) The Court incorporates the January 6, 2021 Opinion and Order by reference and sets forth only the new allegations in the supplemental complaint, which the Court assumes to be true solely for purposes of screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B),

---

[1] The Court will treat Plaintiff's amended complaint (Dkt. No. 9) as a supplemental complaint under Federal Rule of Civil Procedure 15(d) because Plaintiff did not reallege claims that the Court permitted to proceed upon screening the original complaint. The Court assumes Plaintiff wishes to proceed with his original claims but was unaware that an amended complaint completely replaces the original complaint. Any future amended complaints by Plaintiff in this action shall replace the original and supplemental complaints and contain all allegations and claims that Plaintiff wishes to bring in this action. If previous claims are eliminated from any future amended complaint, the Court will assume Plaintiff no longer wishes to proceed with those claims.

1915A(b)(1) and 42 U.S.C. § 1997e(c)(1). <u>See</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679, (2009) ("[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief")). The Court further holds Plaintiff to the requirement in Federal Rule of Civil Procedure 11(b), that by signing his supplemental complaint he represents "the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[,]" subject to sanctions under Rule 11(c) if the representations are false.

In the supplemental complaint, Plaintiff has alleged facts that are sufficient to state a claim against Lieutenant Long for violating Plaintiff's right to association under the First Amendment. Plaintiff alleged that Long deprived him of J-Pay (email) or phone privileges despite knowing that Plaintiff did not lose these privileges as a consequence of his prison disciplinary hearing. (Supp'l. Compl., ¶¶ 1-9, Dkt. No. 9.)

With respect to his Eighth Amendment conditions of confinement claims against Ganesh and Shimonis, Plaintiff alleges that they deprived him of any opportunity for exercise, indoor or outdoor, for 80 days. (Supp'l. Compl. ¶12, Dkt. No. 9.) The Court will allow this claim to proceed. However, Plaintiff has not set

forth sufficient facts to reasonably infer that Ganesh and Shimonis deprived Plaintiff of all physical exercise in retaliation for his exercise of a constitutional right. Therefore, the First Amendment retaliation claim in the supplemental complaint is dismissed without prejudice.

**IT IS** on this **12th day of April 2021**,

**ORDERED** that the Supplemental Complaint (Dkt. No. 9) shall be filed; and it is further

**ORDERED** that Plaintiff's First Amendment right of association claim against Lieutenant Long in his individual capacity and Plaintiff's Eighth Amendment claims against Defendants Ganesh and Shimonis in their individual capacities may proceed; Plaintiff's First Amendment retaliation claims are dismissed without prejudice; and it is further

**ORDERED** that the Clerk shall issue summons in connection with the USM-285 Forms for Defendants Schmidt, Salanitro, Long, Ganesh and Shimonis that have been submitted by Plaintiff, and the Marshal shall serve summons, the Complaint and Supplemental Complaint (Dkt. Nos. 1 and 9), this Order, and the Court's January 6, 2021 Opinion and Order (Dkt. Nos. 3, 4) to the addresses specified on the USM-285 Forms, with all costs of service advanced by the United States; and it is further

**ORDERED** that Defendants Schmidt, Salanitro, Long, Ganesh and Shimonis shall file and serve responsive pleadings within the time specified by the Federal Rules of Civil Procedure; and it is further

**ORDERED** that the Clerk of the Court shall serve Plaintiff with a copy of this Order via regular U.S. mail.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**

4